UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAMEL GIGGETTS,

                              Plaintiff,

            -against-

COUNTY OF SUFFOLK, CORRECTION
OFFICER EDWARDS, CORRECTION OFFICERS
"JOHN AND JANE DOES 1-10" (representing as yet
unknown and unidentified members of the Suffolk
County Sheriff's Department), and "NURSES JOHN
and JANE DOES 1-10" (representing as yet unknown
and unidentified members of the Suffolk County
Department of Health Services), all in their individual
and official capacities,

                            Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 19-4885 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **PRELIMINARY STATEMENT**

      Plaintiff Ramel Giggetts ("Plaintiff") commenced this action against Defendants County of Suffolk, Correction Officer Edwards, Correction Officers "John and Jane Does," and "Nurses John and Jane Does 1-10" (collectively, "Defendants"), in their individual and official capacities, asserting various violations of federal and state law. *See generally* Complaint ("Compl.") [DE 1].[1] Plaintiff alleges that on August 30, 2018, while he was a pretrial detainee, Defendants assaulted him and failed to provide him with adequate medical attention for his injuries and schizophrenic disorder. *See id.* Plaintiff has moved to amend the complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See* Plaintiff's Memorandum of Law in Support

---

[1] The Suffolk County Sherriff's Department, Riverhead Correctional Facility, and Yaphank Correctional Facility were also named as defendants in the original Complaint. DE 1. These parties were dismissed from the action by stipulation on December 10, 2019. DE 13.

of Motion to Amend ("Pl.'s Mem.") [DE 27]. Specifically, Plaintiff seeks to substitute 12 correction officers and six medical professionals who were identified during discovery in place of the John and Jane Doe defendants. *Id.* Defendants oppose the addition of the named correction officers and medical processionals as it relates to the state law claims on the grounds that the amendments are futile. *See* Defendants' Memorandum of Law in Opposition to Motion to Amend ("Defs.' Opp'n") [DE 28-3].

For the reasons which follow, Plaintiff's motion for leave to file an amended complaint is GRANTED, in part, and DENIED, in part. Plaintiff is directed to file his amended complaint by April 16, 2021.

## II.    RELEVANT BACKGROUND[2]

### A.    Complaint

In July 2018, Plaintiff was detained at the Riverhead Correctional Facility while awaiting trial. Compl. ¶¶ 25-27. Plaintiff alleges that Defendants were aware that he suffered from schizophrenia while he was detained but regularly denied him access to his medication, without cause. *Id.* ¶ 23. On August 30, 2018, Plaintiff was scheduled to be transported to a court appearance. *Id.* ¶¶ 29-30. At some point prior to passing through the metal detector, Plaintiff asked to use the restroom to wash his hands. *Id.* Thereafter, he was instructed to remove his shoes by a correction officer. *Id.* According to Plaintiff, when he began removing his shoes, he was suddenly, without provocation, grabbed and forcefully slammed against the wall by a correction officer. *Id.* ¶ 32. Approximately 10-11 correction officers then threw Plaintiff to the ground, slammed his head against the floor multiple times and proceeded to kick his head and

---

[2] The Court's summary of the relevant facts is taken from the Complaint and for purposes of this motion only. The summary does not constitute findings of fact. Rather, the Court assumes these facts to be true for purposes of deciding the motion.

body. *Id*. ¶¶ 30-33. Plaintiff states that instead of providing him with urgent medical treatment, the correction officers dragged him on the floor and put him in a chair where he was handcuffed behind his back and had his ankles shackled for 2-3 hours. *Id*. ¶ 36. The correction officers in the room, including C.O. Edwards, mocked him and made jokes about his physical condition. *Id*. ¶ 38. The nurse who finally came to check on him downplayed his injuries, characterizing them as minor. *Id*. ¶ 41. Plaintiff was bleeding profusely and sustained multiple fractures on the left and right side of his rib cage, as well as internal bleeding stemming from his pancreas, two blackened eyes, a broken nose, loosened teeth and multiple facial bone fractures. *Id*. ¶ 45. After being transferred to North Shore University Hospital due to the severity of his injuries, Plaintiff underwent multiple surgeries and medical treatments. *Id*. ¶¶ 46, 48-49, 63. He received more than 50 stitches, screws, metal plates and bone grafts in an effort to reconstruct his face and was still bleeding from his mouth 20 days after the attack. *Id*. ¶ 49.

Thereafter, Plaintiff was transferred to the Yaphank Correctional Facility until October 11, 2018 where he states he suffered extreme pain and discomfort throughout his body. *Id*. ¶ 52. He was unable to see the surgeon for his follow-up visit because the Yaphank staff transported him there too late to be seen. *Id*. Plaintiff was transferred back to the Riverhead Correctional Facility on October 11, 2018 and was immediately placed in a "box" alone for 23 hours a day. *Id*. ¶ 58. Plaintiff asserts that at both correctional facilities, he was denied adequate medical attention which resulted in his missing medical appointments, *id*. ¶¶ 51-52, and developing severe infections from his wounds. *Id*. ¶¶ 51-52, 61-62. Consequently, on October 22, 2018, Plaintiff was transferred to Kirby Forensic Psychiatric Center in Manhattan and then Bronx-Lebanon Hospital to undergo additional surgeries to treat his wounds and subsequent infections. *Id*. ¶¶ 61, 63-65. Plaintiff returned to the Riverhead Correctional Facility on April 18, 2019

3

where he was placed on suicide watch and then placed in isolation for 23.5 hours per day until May 10, 2019.  *Id*. ¶ 71.  He was released on June 6, 2019.  *Id*. ¶ 72.

As a result of his injuries, Plaintiff asserts that he suffered permanent and severe physical and mental damages.  *Id*. ¶ 68.

B. **Procedural History**

On January 25, 2019, Plaintiff filed a Notice of Claim against the Defendants in Suffolk County Supreme Court.  *Id*. ¶ 1.  Plaintiff filed the instant action against Defendants County of Suffolk, Correction Officer Edwards, Correction Officers "John and Jane Does," and "Nurse John and Jane Does 1-10" on August 26, 2019.  Plaintiff asserts six causes of action under federal law, including claims for violations of the Equal Protection Clause and Due Process Clause of the Fourteenth and/or Fifth Amendments; excessive force under the Fourth Amendment; failure to intervene; negligent supervision; *Monell* liability; and violations of the Americans with Disabilities Act ("ADA"), as amended, The Rehabilitation Act, 29 U.S.C. § 794.  Plaintiff asserts four causes of action under state law, including claims for assault and battery; negligence; negligent infliction of emotional distress; and intentional infliction of emotional distress.

On November 13, 2019, Defendants filed an Answer. *See generally* Answer [DE 9].  In accordance with the November 1, 2019 Initial Conference and Case Management Order, the parties served their initial disclosures under Rule 26(f) on December 5, 2019.  *See* DE 8; DE 12.  The December 5, 2019 Initial Conference Minute Order ("CCMO") set March 5, 2020 as the deadline to initiate the process for joinder of additional parties and/or amendment of pleadings.  *Id*.  The December 5, 2019 CCMO provided "[i]f the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and

4

memorandum of law by March 5.  The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date."  December 5, 2019 CCMO [DE 11].

On March 18, 2020, the Court granted Defendants' first request, on consent, to extend the February 22, 2020 deadline to serve discovery responses to March 23, 2020.  *See* March 18, 2020 Electronic Order; DE 18.  The Court also granted Plaintiff's subsequent request to extend to initiate the process for amendment of pleading to April 6, 2020 in light of the extension provided to serve discovery responses.  *Id*.  On March 19, 2020, the Court granted Defendants' second request, also on consent, for an extension of the deadline to serve discovery responses to April 23, 2020 and a modification of the remainder of the discovery schedule.  *See* March 20, 2020 Electronic Order; DE 20.  Consequently, the deadline to initiate the process for amendment of pleadings was extended to May 4, 2020.  *Id*.

On May 6, 2020, Plaintiff's counsel advised the Court that he was unable to obtain Defendants' consent to an amendment of the Complaint by way of Stipulation.  *See* DE 23.  He requested that the Court give "Plaintiff 10 days to file a letter motion to amend the Complaint to substitute the 'John and Jane Does' with the names of the individual defendants."  *Id*.  The Court granted the request *nunc pro tunc* and extended the deadline to initiate the process to amend the pleadings to May 18, 2020.  *See* May 7, 2020 Electronic Order.  The Court advised Plaintiff's counsel that "[a] letter motion may be filed if … counsel seeks to simply amend the caption, otherwise counsel must file a formal motion under the Federal Rules of Civil Procedure and submit a proposed briefing schedule by the extended deadline."  *See* May 7, 2020 Electronic Order.  On May 8, 2020, the parties proposed a briefing schedule in which counsel agreed to serve the opening papers by June 1, 2020 and to file the fully briefed motion by July 13, 2020.

5

*See* DE 24.  The briefing scheduled was so ordered on May 12, 2020.  *See* May 12, 2020 Electronic Order.

The proposed amended complaint ("PAC") is nearly identical to the original Complaint except that Plaintiff's PAC identifies the previously unnamed John and Jane Doe defendants listed in the original Complaint.  *Compare* Compl. *with* PAC, annexed as Ex. B to the Declaration of Cathryn Harris-Marchesi, Esq. in Support of Motion to Amend ("Marchesi Decl.") [DE 27-4].  Specifically, Plaintiff seeks to substitute the John and Jane Doe defendants with the defendants identified as Sert. Officer Maxwell Edwards (Shield No. 1584), Sert. Officer Matthew Gernemia (Shield No. 1461), Sgt. Scalfani (Shield No. 5-274), Lt. Robert Peraino (Shield No. L-1b), Lt. Adeline Ayres (Shield No. L112), Lt. Kevin Daley (Shield No. L118), D/S Morangio (Shield No. 460), C.O. Michael Derosa (Shield No. 1259), C.O. Justin Francis (Shield No. 1447), C.O. Peter Lambert (Shield No. 1319), C.O. Jamie Rice (Shield No. 1167), C.O. Alex Mylett (Shield No. 1378), C.O. Mark Magnani (Shielf No. 775), RN Jadick (I.D. No. 71), LPN Alarcon (I.D. No. 1), Thomas Troiano M.D., Vincent Geraci D.O, Barun Jaiswal M.D., and Soumitra Chatterjee M.D.  *See generally* PAC.  Plaintiff contends that his amendments are not time barred and "relate-back" to the original Complaint.  *See* Pl.'s Mem. at 7-13.

Defendants consent to the addition of the proposed defendants as substitutes for the John and Jane Doe defendants as related to Plaintiff's six causes of action arising under federal law.  *See* Defs.' Opp'n. at 7.  However, Defendants oppose the addition of the proposed defendants with respect to Plaintiff's four causes of action arising under state law on the grounds that the substitution of John and Jane Doe defendants with the proposed defendants is time-barred and does not "relate back" to the original Complaint.  *Id.* at 8, 10-14.  With regard to Plaintiff's negligent and intentional infliction of emotional distress claims, Defendants alternatively argue

6

that these claims were not contained in Plaintiff's Notice of Claim and therefore should not be permitted to proceed against the proposed defendants.  *Id*. at 14-15.

### III.   LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); *see Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  Whether to grant leave to amend is a decision squarely within the district court's discretion.  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 540 (2010) ("[Rule 15(a)] gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."); *see also Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) ("District courts 'have broad discretion in determining whether to grant leave to amend.'") (citation omitted).  A court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P.  15(a)(2); *accord Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted); *335-7 LLC v. City of New York*, No. 20-CV-1053, 2021 WL 860153, at *6 (S.D.N.Y. Mar. 8, 2021) (citation omitted).  "Amendments are generally favored because they tend to facilitate a proper decision on the merits."  *Rodriguez v. Ridge Pizza Inc.,* No. 16-CV-0254, 2018 WL 1335358, at *3-4 (E.D.N.Y. Mar. 15, 2018) (citation omitted); *accord Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016).

A court should deny leave to amend only if there is "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [nonmoving party,] ... [or] futility."  *Foman v.*

7

*Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *accord Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citation omitted). "The party opposing the amendment bears the burden of demonstrating good reason to deny the motion." *Speedfit, LLC v. Woodway USA, Inc.*, No. 13-CV-1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015); *see also Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 255–56 (S.D.N.Y. 2018) ("[Parties] opposing a motion to amend ... bear[ ] the burden of establishing that an amendment would be futile." ). Where, as here, "the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party ... also comes into play. However, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020) (citation omitted); *Chow v. Shorefront Operating LLC*, No. 19-CV-3541, 2021 WL 225933, at *3 (E.D.N.Y. Jan. 20, 2021) ("Because the motion seeks to add new parties, it is also governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party, .... However, the same standard of liberality applies under either Rule.") (internal quotations and citations omitted).

Here, the proposed amendment is opposed solely on the grounds that it would be futile. "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020) (quoting *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017)); *see also 335-7 LLC*, 2021 WL 860153, at *6 ("An amendment to a pleading is futile if the proposed claim would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).") (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). "Thus,

8

the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *Id.* (citing *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015)). The proposed amended pleading must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Ramirez v. Bernstein*, No. 17-CV-3825, 2020 WL 7230729, at *4 (S.D.N.Y. Dec. 7, 2020) (citing *Iqbal*, 556 U.S. at 678). "If the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" *Berlin*, 436 F. Supp. 3d at 560 (quoting *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2005)).

By comparison, Rule 16(b)(4) provides that where a court has adopted a discovery scheduling order, that order may only "be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *accord DaCosta v. City of New York*, 296 F. Supp. 3d 569, 583 (E.D.N.Y. 2017) (citation omitted). While the "primary consideration" for determining whether a party has good cause is if "the moving party can demonstrate diligence," the district court may also consider "other relevant factors including, in particular, whether allowing the amendment of the pleading at this state of the litigation will prejudice defendants." *DaCosta*, 296 F. Supp. 3d at 583 (quoting *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). The Court is mindful that all federal civil procedure rules should "be construed, administered, and employed by the court and the parties to secure the *just*, speedy, and inexpensive determination of every action and proceeding." *Id*. (emphasis in original) (citing Fed. R. Civ. P. 1). It is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for

9

decisions on the merits to be avoided on the basis of … mere technicalities." *Foman,* 371 U.S. at 181 (citing Fed. R. Civ. P. 1 and 15).

## IV. DISCUSSION

### A. Preliminary Issue

The Court notes that neither party contends the instant motion is subject to the more demanding "good cause" standard under Rule 16(b). The Court ordered deadline by which Plaintiff had to amend his pleading in this action was extended to May 18, 2020. *See* May 7, 2020 Electronic Order. Plaintiff was advised that he "must file a formal motion under the Federal Rules of Civil Procedure and submit a proposed briefing schedule by the extended deadline." *Id*. When the initial deadline to amend the pleadings was set, the Court advised that the "parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date." December 5, 2019 CCMO. As such, while Plaintiff was not required to file his motion to amend by May 18, 2020, he was required to serve his opening papers by that date and submit a proposed briefing schedule for the Court's approval. Instead, on May 8, 2020, Plaintiff solely submitted a proposed briefing schedule under which his opening papers were to be served on June 1, 2020 -- 14 days after the deadline to amend. *See* DE 24. As such, the instant motion is technically subject to the "good cause" standard under Rule 16(b). However, since neither party applies the "good cause" standard under Rule 16(b) and Plaintiff's opening papers were served within a short time of the deadline to amend (*i.e.*, 14 days) in accordance with a "so ordered" briefing schedule which was submitted prior to the deadline, the Court will apply the more lenient standard under Rule 15(a) in resolving the instant motion.

B.       **The Relation-Back Doctrine**

Defendants appear to rely on Rule 15(c)(1)(A) to argue that the state law claims against the proposed defendants are time-barred under the relevant statute of limitations and do not relate back to the original Complaint pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 1024. *See* Defs.' Opp'n at 10-14. Relying on Rule 15(c)(1)(C), Plaintiff argues that his claims against the proposed defendants are not time-barred because they "relate back" to his original Complaint and because Defendants intentionally withheld the identification of the proposed defendants until April 30, 2020 -- the date Defendants produced their discovery responses from which Plaintiff could identify the proposed defendants. *See* Pl.'s Mem. at 8-11.

"Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (internal quotation marks omitted). "John Doe substitutions, then, 'may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c)'" -- regarding the relation back of amendments -- "are met." *Id.* Accordingly, the Court turns to whether Rule 15(c) supports the relation back principle here, specifically under Rule 15(c)(1)(C) or 15(c)(1)(A), the only subsections which arguably apply here.

Rule 15(c)(1)(A) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1). "Rule 15(c)(1)(A) instructs courts ... to look to the entire *body* of limitations law that provides the applicable statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). If, after examining the "controlling body of limitations law," the state law provides "a more forgiving principle of relation back than the one provided by Rule 15(c)[(1)(C)]," then the state law must be applied. *Strada v. City of New York*,

11

No. 11-CV-5735, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013)); *accord Sosa v. Bustos*, No. 17-CV-417, 2020 WL 1940550, at *5 (S.D.N.Y. Apr. 22, 2020).  Because New York law provides more forgiving principles of relation back, *see, e.g.*, *Hogan*, 738 F.3d 509, the Court will first examine whether the proposed amendments would be made timely through the application of New York law.  *See Sosa*, 2020 WL 1940550, at *5.

Here, the "applicable limitations law" is § 1024 of the C.P.L.R., which specifically governs claims against newly named John Doe defendants.  *See Hogan*, 738 F.3d at 518–19; *Fahlund v. Nassau County*, 265 F. Supp. 3d 247, 257 (E.D.N.Y. 2017).  Under § 1024 of the C.P.L.R., a plaintiff may commence a lawsuit against John Doe defendants and toll the statute of limitations as to the unnamed defendants provided that the plaintiff meets two requirements:  (1) the plaintiff "exercise [d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name;" and (2) the plaintiff "describe[d] the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Hogan,* 738 F.3d at 519 (alteration, citation and internal quotation marks omitted).  Due diligence in this context requires that a plaintiff "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Strada,* 2014 WL 3490306, at *5 (citation omitted).  "Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence prior to the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR § 1024." *Sosa*, 2020 WL 1940550, at *6 (citation omitted) (citing *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (collecting cases)).  In addition to meeting requirements of § 1024, the claims must also be timely or relate back under New York's "more general relation-back statute, C.P.L.R. 203." *Chow v. Shorefront*

12

*Operating LLC*, No. 19-CV-3541, 2021 WL 225933, at *4 (E.D.N.Y. Jan. 20, 2021) (citing *DaCosta*, 296 F. Supp. 3d at 585).

Here, there is no dispute that Plaintiff described the John and Jane Doe defendants "in such form as will fairly apprise" the parties that they are "the intended defendant" or that the claims are timely or relate back under New York's more general relation-back statute under § 203. *See* Defs.' Mem. at 10-14. Rather, Defendants dispute that Plaintiff exercised the requisite due diligence. *Id*. As such, the Court will limit its analysis to the due diligence inquiry.

As set forth in the PAC, Plaintiff's claims for assault and battery (Count VII), PAC ¶¶ 220-231, negligent infliction of emotional distress (Count IX), *id*. ¶¶ 287-331, and intentional infliction of emotional distress (Count X), *id*. ¶¶ 312-336, arise solely from conduct which occurred on and before the date the of incident, namely, August 30, 2018. Plaintiff's negligence claim (Count VIII) arises from conduct which occurred on and before August 30, 2018, *id*. ¶¶ 54, 238-240, 250, and in the following months, including September and October 2018 and April and May 2019, *id*. ¶¶ 81, 265, 271, 280-281. Under New York law, a one-year-and-90-day limitations period applies to state law tort claims. *See* N.Y. Gen. Mun. Law § 50-i(1)(c). As such, the statute of limitations ran -- at the latest -- on November 28, 2019 for claims arising out of conduct which occurred on and before August 30, 2018. For claims arising out of conduct occurring in September and October 2018, the statute of limitations ran, at the earliest, on December 2, 2020 and, at the latest, on January 29, 2020. As for claims arising out of conduct occurring in April and May 2019, the statute of limitations ran on July 1, 2020, at the earliest, and August 31, 2020, at the latest.

Plaintiff has not demonstrated, and the Court has not located in the record, any efforts which Plaintiff's counsel took to ascertain the identities of the proposed defendants prior to

13

November 28, 2019, when the statute of limitations had run on his claims arising out of conduct which occurred on and before August 30, 2018. Although Plaintiff maintains that he attempted to identify the proposed defendants through discovery, namely, the Initial Disclosures and discovery demands served on Defendants, *see* Pl.'s Mem. at 7-8, the Court-imposed deadlines to serve Initial Disclosures and discovery demands were set at December 5, 2019 and January 9, 2020, respectively, both of which were after the statute of limitations had run. Plaintiff does not contend that he made any efforts to obtain this discovery sooner than the Court imposed deadlines or made any other demands or requests on Defendants in an effort to identify the proposed defendants prior to November 28, 2019.

  Moreover, prior to January 29, 2020, the latest date the statute of limitations had run on Plaintiff's claims arising out of conduct occurring in September and October 2018, Plaintiff appears to have been relying solely on Defendants' Initial Disclosures and discovery responses. However, "[d]ue diligence is not exercised by 'last minute' or token discovery requests." *Barrett v. City of Newburgh*, 720 Fed. App'x 29, 33 (2d Cir. 2017) (collecting cases). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendants' identity, for example by submitting *multiple discovery demands*, requests under state or federal Freedom of Information laws, or requests to the Attorney General's office." *Id*. (emphasis added) (collecting cases). Here, the responses to discovery demands were not required to be served until February 22, 2020, one month after the statute of limitations had run on the claims arising from conduct occurring in September and October 2018. Yet, Plaintiff did not take any concrete or timely steps to obtain responses before then nor seek Court intervention to address this specific issue. Indeed, on two occasions Defendant requested that this deadline be extended and both requests were made with Plaintiff's consent. *See* DE 18; DE 20. Further, Defendants'

14

Initial Disclosures do not identify a single individual by name who was likely to have discoverable information relative to the disputed facts alleged with particularity in the pleadings. *See* Defendants' Initial Disclosure Pursuant to Rule 20, annexed as Ex. K to the Marchesi Decl. [DE 27-13]. However, Plaintiff did not make any effort to obtain more specific disclosures despite presumably knowing that the statute of limitations was running but multiple individuals had yet to be identified. *See Cotto v. City of New York*, No. 16-CV-8651, 2018 WL 3094915, at *6 (S.D.N.Y. June 20, 2018) ("[P]laintiff filed his initial complaint in November 2016 and then waited a year to learn the identities of the alleged officers through defendants' initial disclosures. This does not constitute the requisite diligence [and] Plaintiff has not offered *any* evidence that he endeavored in *any* way, using *any* of the resources at his disposal, to identify the John Doe officers *any* earlier.") (emphasis in original); *Temple v. New York Community Hosp. of Brooklyn,* 89 A.D.3d 926, 928 (2d Dep't 2011) (finding no due diligence under § 1024 given lack of pre-filing discovery and noting that plaintiff's "limited discovery demands ... served prior to the expiration of the statute of limitations" was insufficient to show diligence because "when the responses received were less than adequate, the plaintiff failed to promptly seek further discovery"). Plaintiff could have sought judicial intervention or pursued multiple other avenues to obtain the identities of the John and Jane Doe defendants before the statute of limitations ran but did not do so.

Because Plaintiff did not exercise the requisite due diligence to identify the proposed defendants as to his assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress claims in their entirety and those aspects of his negligence claim based on conduct that occurred on or before the October 2018, the claims do not "relate-back" to the original Complaint and are time-barred. However, because Plaintiff moved to amend before

15

the statute of limitations ran on the aspect of his negligence claim arising from conduct that occurred in April and May 2019, the Court finds that Plaintiff has demonstrated due diligence as to this portion of his negligence claim only.  A such, this aspect of Plaintiff's negligence claim "relates-back" to the original Complaint and is *not* time-barred as to the proposed defendants against whom it is asserted.

Applying Rule 15(c)(1)(C) -- the only rule on which Plaintiff applies -- the Court reaches the same conclusion.  Rule 15(c)(1)(C) permits the substitution of a party if (1) the new claim "arise[s] out of conduct set out in the original pleading," (2) the new party "received such notice that it will not be prejudiced in maintaining its defense," and (3) "that party should have known that, *but for a mistake of identity*, the original action would have been brought against it," and (4) the second and third criteria are fulfilled within the time limit for service under Rule 4(m) (90 days after the complaint is filed) and "the original complaint [was] filed within the limitations period." *Hogan v. Fischer*, 738 F.3d 509, 517-18 (2d Cir. 2013) (emphasis in original).  Importantly, the Second Circuit has interpreted Rule 15(c)(1)(C) "to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally [merely] because the plaintiff did not know their identities." *Id.*  In other words, "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" within the meaning of the Rule 15(c)(1). *Id*. 738 F.3d at 517-18 (citation omitted). Therefore, because Plaintiff was not mistaken about the proposed defendants' identity, relation back is precluded here under Rule 15(c)(1)(C).  *See Cotto*, 2018 WL 3094915, at *5 (denying proposed substitution of John Does because plaintiff's lack of knowledge of the John Does did not constitute a "mistake concerning the proper party's identity") (citation omitted); *Anderson v. City of Mount Vernon*, No. 09-CV-7082, 2014 WL 1877092, at *4 (S.D.N.Y. Mar. 28, 2014)

16

("Plaintiff's proposed amendment naming Sergeant Marcucilli as a defendant after the statute of limitations had run does not correct a mistake in the original complaint, but instead supplies information Plaintiff lacked at the outset.").

The Court notes that "[a]lthough not yet endorsed by the Second Circuit, some district courts have found an exception" to this restrictive rule "in situations where the defendants withheld identifying information or unreasonably delayed in producing such information." *Morales v. Cty. of Suffolk*, 952 F. Supp. 2d 433, 438 (E.D.N.Y. 2013) (collecting cases); *see also DaCosta*, 296 F. Supp. 3d at 593 (collecting cases); *but see Felmine v. City of New York*, No. 09-CV-3768, 2012 WL 1999863, at *4 n.2 (E.D.N.Y. June 4, 2012) (finding the carved out exception "has never been expressly endorsed by the Second Circuit and appears to be outside the scope of the plain terms of Rule 15(c)(1)(C)"). For example, in *Morales*, the District Court found that an amendment to name a John Doe defendant related back where defense counsel repeatedly adjourned the relevant depositions and otherwise obstructed discovery, which prevented the plaintiff from learning the identity of the defendant during the Rule 4(m) period. *Morales*, 952 F. Supp. 2d at 438. Here, there is no evidence in the record that Defendants unreasonably delayed discovery or prevented Plaintiff from obtaining discovery materials. As noted, although Defendants' counsel sought two adjournments of the deadline to respond to discovery demands the extensions were brief -- totaling 60 days -- and Plaintiff's counsel consented to each request. *See* DE 18; DE 20. Most importantly, these extensions did not prevent Plaintiff from identifying the John and Jane Doe defendants prior to the running of the statute of limitations on his claims, with the exception of his negligence claims arising from conduct that occurred in April and May 2019, because the statute of limitations had already run prior to the *initial* Court-imposed deadline to respond to the discovery demands. Moreover,

17

Plaintiff took no action on Defendants' seemingly deficient Initial Disclosures despite having time to do so within the statute of limitations for some of his claims.

Accordingly, Plaintiff's motion to amend the complaint to add the proposed defendants as parties is GRANTED as his claims arising under federal law and the state law negligence claim arising from conduct that occurred in April and May 2019.  However, Plaintiff's motion is DENIED as to his remaining state law claims because they are time-barred and do not "relate-back" to the original Complaint.[3]

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is GRANTED, in part, and DENIED, in part.  Plaintiff is directed to file his amended complaint by April 16, 2021.

**SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge

---

[3] The Court need not address Defendants' alternative argument regarding Plaintiff's negligent and intentional infliction of emotional distress claims because regardless of whether the Notice of Claim properly noticed these claims, Plaintiff still had an obligation to bring the claims within the applicable statute of limitations but failed to do so.