UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAMEL GIGGETTS,

                           Plaintiff,

 - against -

COUNTY OF SUFFOLK, SERT. OFFICER
MAXWELL EDWARDS (Shield No. 1584),
SERT. OFFICER MATTHEW GERNEMIA
(Shield No. 1461), SGT. SCLAFANI (Shield No.
5-274), LT. ROBRET PERAINO (Shield No.
L-1B), LT. ADELINE AYRES (Shield No. L112),
LT. KEVIN DALEY (Shield No. L118), D/S
MORAANGIO (Shield No. 460), C.O. MICHAEL
DEROSA (Shield No. 1259), C.O. JUSTIN
FRANCIS (Shield No. 1447), C.O. PETER
LAMBERT (Shield No. 1319), C.O. JAMIE RICE
(Shield No. 1167), C.O. ALEX MYLETT (Shield
No. 1378), C.O. MARK MAGNANI (Shield No.
775), RN JADICK (I.D. No. 71), LPN ALARCON
(I.D. No. 1), THOMAS TROIANO M.D.,
VINCENT GERACI D.O., BARUNJAISWAL
M.D., AND SOUMITRA CHATTERJEE M.D.
(all in their individual and official capacities as
employees),

                         Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

2:19-cv-4885 (DRH) (ST)

**APPEARANCES**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
Attorneys for Plaintiff
556 Peninsula Boulevard
Hempstead, NY 11550
By:    Frederick K. Brewington, Esq.

**DENNIS M. COHEN, SUFFOLK COUNTY ATTORNEY**
Attorneys for the County of Suffolk
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
By:    Stacy A. Skorupa, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Ramel Giggetts brings this civil rights action against the captioned Defendants under 42 U.S.C. § 1983, the American with Disabilities Act and Rehabilitation Act, and state law, arising from an alleged assault he suffered while he was a pretrial detainee at the Riverhead and Yaphank Correctional Facilities. Presently before the Court is Defendant Dr. Thomas Troiano, M.D.'s motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), all causes of action lodged against him. For the reasons below, Troiano's motion is granted. Plaintiff's request for leave to amend his Amended Complaint, raised in his opposition, is respectfully referred to Magistrate Judge Steven Tiscione.

## BACKGROUND

The following facts are taken as true from the Amended Complaint. (*See* Am. Compl. ("AC") [DE 38]). Dr. Thomas Troiano is the only moving defendant and, accordingly, only those facts necessary to understand his position are included.

At all relevant times, Plaintiff was a pretrial detainee[1] at Riverhead Correctional Facility suffering from schizophrenia. (AC ¶¶ 34, 38, 40). His schizophrenic condition led to his hospitalization at Stony Brook Medical Center "twice in or about 2017 and 2018." (*Id.* ¶¶ 35, 36). Despite knowing this, Defendants allegedly "regularly denied [him] access to his medication to treat his condition

---

[1]     Neither the Amended Complaint nor the parties' briefing identify the crime for which Plaintiff was detained.

without cause or justification." (*Id.* ¶ 37). On August 30, 2018, several correction officers allegedly, without provocation, "grabbed Plaintiff by his shirt and forcefully slammed his body against the wall" and his "head into the ground multiple times." (*Id.* ¶¶ 43, 45). The alleged attack caused Plaintiff "to bleed profusely" from "his head, mouth" and other "clearly visible" areas. (*Id.* ¶ 46). In lieu of providing him immediate medical treatment, the correction officers handcuffed, shackled, and mocked Plaintiff. (*Id.* ¶¶ 47, 49–51).

Two nurses—Defendants RN Jadick and LPN Alarcon—arrived to treat Plaintiff but they "downplayed [his] injuries and characterized them as minor." (*Id.* ¶¶ 52–54). After three hours, Plaintiff was brought to Peconic Bay Medical Center; their staff too failed to treat him. (*Id.* ¶¶ 55–57). He was then sent to North Shore University Hospital – Northwell Health, whose doctors diagnosed him with, among other injuries, face and mouth fractures, fractured ribs, blackened eyes, a broken nose, and loosened teeth. (*Id.* ¶¶ 58, 60). On September 1, 2018, Plaintiff underwent surgery to, in part, "reconstruct his face." (*Id.* ¶¶ 61–62).

Plaintiff spent September 2018 at Yaphank Correctional Facility. (*Id.* ¶¶ 63, 81). Plaintiff advised a sergeant on duty about "lack of immediate and adequate medical treatment," but the Yaphank staff allegedly failed to take any action in response and even caused him to miss a follow-up appointment with his surgeon. (*Id.* ¶ 64). Plaintiff transferred back to Riverhead Correctional Facility on October 11, 2018, where he spent twenty-three hours a day "in a 'box' alone" and wore a "spit

mask" in order to cover "the blood that was continuously flowing from" his mouth. (*Id.* ¶¶ 68, 71, 81).

At both facilities, Defendant Dr. Thomas Troiano, M.D. served as one of Plaintiff's healthcare providers. Allegedly, he "regularly denied Plaintiff access to his medication" and "failed to provide proper medical treatment" for Plaintiff's assault-related injuries. (*Id.* ¶¶ 81, 183, 191–92).

On October 22, 2018, Plaintiff was admitted to Kirby Forensic Psychiatric Center, whose medical staff immediately diagnosed him with "serious infections of the wounds located to [his] head, eyes, nose, and face." (*Id.* ¶¶ 74–75). Within twenty-four hours, Kirby transferred Plaintiff to Bronx-Lebanon Hospital Center where he underwent a second surgery. (*Id.* ¶¶ 76–78). He spent more than two weeks in recovery. (*Id.* ¶ 79).

When Plaintiff returned to Riverhead Correctional Facility on April 18, 2019, he was put on suicide watch and placed in isolation for twenty-three-and-a-half hours per day until May 10, 2019. (*Id.* ¶¶ 83–84). On May 31, 2019 Plaintiff was sentenced on the charges for which he was detained. He got probation. (*Id.* ¶ 85).

Plaintiff brought this action on August 26, 2019. [DE 1]. On December 9, 2019, then-presiding Magistrate Judge A. Kathleen Tomlinson entered a scheduling order with a March 5, 2020 deadline to move to amend the pleadings. [DE 12]. She later extended that deadline to May 18, 2020. *See* Order dated May 7, 2020. Plaintiff did so move and the briefing completed on July 13, 2020. [DEs 24, 27–28]. Judge

Tomlinson granted in part and denied in part Plaintiff's motion to amend on March 31, 2021, and Plaintiff filed his Amended Complaint on April 16, 2021.

The Amended Complaint identifies several previously unnamed defendants and asserts eleven causes of action: (1) a § 1983 count against all defendants for violations of the right to Equal Protection and Due Process, (2) a § 1983 count against the correction officer defendants for excessive force, (3) a § 1983 count against all defendants for negligent supervision, (4) an American with Disabilities ("ADA") and Rehabilitation Act ("RA") count against all defendants for disability discrimination, (5) a § 1983 count against all defendants for failure to intervene, (6) a § 1983 count for municipal liability, (7) an assault and battery count against defendant Edwards, (8) a negligence count against all defendants, (9) a negligent infliction of emotional distress count against Defendant Edwards, (10) an intentional infliction of emotional distress count against Defendant Edwards, and (11) punitive damages against all defendants.

Defendant Troiano submitted the instant motion to dismiss on October 5, 2021. [DE 53].

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two

principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief

is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

The Court's Memorandum proceeds in the following order. The Court begins with Plaintiff's (I) § 1983 Due Process, Equal Protection, Negligent Supervision, and Failure to Intervene causes of action; (II) ADA and RA cause of action; and (III) negligence cause of action, all as asserted against movant Troiano. The Court ends with (IV) Plaintiff's request for leave to amend his complaint a second time.

## I.   §1983 Claims: Due Process, Equal Protection, Negligent Supervision, and Failure to Intervene

The nature of the arguments leads the Court to address together Plaintiff's § 1983 Due Process and Equal Protection claims in Count I, his § 1983 negligent supervision claim in Count III, and his § 1983 claim for failure to intervene in Count V.

All three causes of action suffer an infirmity in that they do not mention Troiano or connect any particular action to Troiano. *See* AC ¶¶ 87–116, 130–53, 195–209. Rule 8(a) requires a complaint to "give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("[A] plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" (quoting *Ricciuti v. New York City Transit Auth.*,

941 F.2d 119, 123 (2d Cir. 1991))).  "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting 2A Moore's Federal Practice ¶ 8.13, at 8–58 (2d ed. 1994)).

Not a single allegation names Troiano nor mentions any conduct reasonably attributable to him.   Paragraphs 92 and 135 represent an ostensible, but unsuccessful, effort to so allege, in that certain defendants purportedly knew of Plaintiff's schizophrenia and yet "regularly denied access to his medication."  AC ¶¶ 92, 135.  But those certain defendants do not include Troiano.  In Paragraph 92, Plaintiff refers to "the staff members of Defendant Riverhead" – but "Defendant Riverhead" is an undefined term and a related defined term, "Riverhead Medical Staff," included only "Defendants RN Jadick and LPN Alarcon" and not Troiano. *Id.* ¶¶ 7, 92 (capitalization omitted).    Paragraph 135 refers to the staff members of "Defendant [Suffolk] County's Sheriff's Department," to which no allegations imply Troiano belonged. *See id.* ¶¶ 13, 55, 135.  Accordingly, Paragraphs 92 and 135 do not refer to Troiano's conduct.

"[W]ithout any specification of any particular activities" of Troiano, these causes of actions are deficient as a matter of law. *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007); *Atuahene*, 10 Fed. App'x at 34 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy [the] minimum standard" of Rule 8.).

"[A] complaint that lumps all the defendants together by means of a sweepingly general allegation of wrongdoing does not plausibly allege a claim for relief against any one defendant and denies each individual defendant fair notice of what the plaintiff alleges that the individual defendant did wrong." *Alejandro v. Quiros*, 2021 WL 5324905, at *5 (D. Conn. Nov. 16, 2021).

Plaintiff declines to confront Troiano's arguments to this end, instead requesting leave to amend his complaint again. *See* Pl. Opp. at 7, 10. The Court addresses this request in Discussion Section IV. Plaintiff's § 1983 Due Process and Equal Protection, § 1983 negligent supervision, and § 1983 failure to intervene claims against Troiano are dismissed.

## II.   **Disability Discrimination**

Plaintiff's ADA and RA cause of action contains his most robust allegations against Troiano. Plaintiff contends Troiano discriminated against him because Troiano knew of Plaintiff's schizophrenia and yet regularly denied him access to his medication. AC ¶¶ 160, 192. Troiano also allegedly "failed to provide proper medical treatment" for Plaintiff's injuries suffered on August 30, 2018. *Id.* ¶¶ 183, 185, 191. His allegations fail as a matter of law.

A prima facie violation under the ADA and RA entails showing (1) the plaintiff is a qualified individual with a disability; (2) the defendant is an entity subject to the ADA and RA; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities or the defendant otherwise discriminated against him by reason of his disability. *Wright v. New York*

*State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).  As Troiano correctly observes, Plaintiff's allegations do not satisfy the third element – namely that Troiano discriminated against Plaintiff "by reason of [Plaintiff's] disability."  Troiano Opening at 13 [DE 53-5]; Troiano Reply at 9 [DE 55].

In *Tardif v. City of New York*, the Second Circuit decided that the failure "to provide custodial medical services to [a plaintiff] in a timely and adequate manner" does not, "by itself, constitute a failure to make a reasonable accommodation 'by reason of' an individual's disability under the ADA."  991 F.3d 394, 404 (2d Cir. 2021). Tardif's framing of the issue, like Plaintiff's, avoided the question of whether he "was denied medical services *because* [he] has a disability."  *Id.* at 405 (emphasis in original).  His framing instead revolved around whether he "received adequate medical treatment in police custody *for* [his] disability."  *Id.* (emphasis in original). This theory is not cognizable under the ADA or the RA.  *Id.*  "Neither the ADA nor the [RA] establish an obligation to meet a disabled person's particular needs vis-à-vis the needs of other handicapped individuals, but mandate only that the services provided by [defendants] to non-handicapped individuals not be denied to a disabled person because he is handicapped."  *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998) (discussing the holding in *Flight v. Gloeckler,* 68 F.3d 61, 64 (2d Cir. 1995)).

Specific to his medication-related claims, an "unexplained failure to provide medication, by itself, does not allow for a reasonable inference that it was 'by reason of' the individual's disability."  *Tardif*, 991 F.3d at 407 (emphasis removed); *McNair v. Harlem Hosp. Med. Dir.*, 2019 WL 3937663 (S.D.N.Y. Aug. 20, 2019), *adhering to*

2019 WL 2176299 (S.D.N.Y. May 17, 2019). Defendant's awareness of Plaintiff's schizophrenia, in and of itself, does not elevate withholding of medication "for" that condition into withholding of medication "because of" it. *See* Pl. Opp. at 8–9.

And no allegations connect Plaintiff's disability—schizophrenia—to Troiano's alleged inaction towards Plaintiff's physical injuries inflicted on August 30, 2018. The Amended Complaint does not suggest Troiano's "decision was motivated by considerations that are unrelated to proper medical decision-making about the case," *e.g.*, discriminatory animus. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 231–32 (2d Cir. 2014) (discussing *United States v. University Hospital*, 729 F.2d 144 (2d Cir. 1984)); *Schnauder v. Gibens*, 679 Fed. App'x 8, 11 (2d Cir. 2017) ("[B]ecause he has not pleaded facts showing that denial of treatment was attributable to bias based on disability, his pleadings do not admit an inference of proscribed discrimination." (internal citations omitted)). Like a parallel ADA claim in *Tate v. City of New York*, the failure to treat Plaintiff's injuries "sustained as a result of . . . [an] assault" was "not properly brought under the ADA as [P]laintiff has not alleged that [D]efendants' failure to treat his injuries were related to his disability, much less that [D]efendants failed to treat his injuries 'by reason of' his disability." 2017 WL 10186809, at *4 (E.D.N.Y. Sept. 29, 2017) (internal citations omitted) (citing *Wright*, 831 F.3d at 72 and *Henrietta D. v. Bloomberg*, 331 F.3d 261, 278 (2d Cir. 2003)).

At bottom, "a doctor who administers a medical treatment to a patient (or withholds it) because the doctor's medical training leads her to conclude that the treatment is medically appropriate (or inappropriate)" does not run afoul of the ADA

or RA – "even if the doctor's medical understanding is flawed and her knowledge is deficient." *McGugan*, 752 F.3d at 231–32. The ADA and RA are not avenues to litigate medical malpractice claims. *Tardif*, 991 F.3d at 405.

The ADA and RA claim against Troiano is dismissed.

## III.   Negligence

Troiano moves to dismiss Plaintiff's state law cause of action for negligence as time-barred pursuant to Judge Tomlinson's March 31, 2021 decision granting in part and denying in part Plaintiff's motion to amend. *See* Mem. & Order dated March 31, 2021 ("Mar. 31, 2021 Decision") [DE 36]. Judge Tomlinson permitted Plaintiff to bring a "state law negligence claim arising from conduct that occurred in April and May 2019." *Id.* at 11–18. She denied Plaintiff's amendment "as to his remaining state law claims because they are time-barred and do not 'relate-back' to the original Complaint." *Id.*

According to the Amended Complaint, Plaintiff was "severely beaten" on August 30, 2018 and, as a result, suffered "clearly visible" injuries "to his head, mouth, and other areas" – requiring surgery on September 1, 2018. AC ¶¶ 240–45, 255, 258–59. Roughly two months later, on October 22, 2018, Plaintiff was transferred to Kirby Forensic Psychiatric Center, whose medical staff immediately observed "serious infections" in Plaintiff's head, eyes, nose, and face wounds. AC ¶¶ 271–72. Troiano's alleged negligence traces to this two-month period. *Id.* ¶ 278. In that timeframe, Plaintiff contends, Troiano failed to provide "proper care for [Plaintiff's] surgical wounds" apparent to the Kirby staff. *Id.*

But the "more than two-month" period preceding his October 22, 2018 admission to Kirby covers, at the most, August, September and October 2018. Pursuant to Judge Tomlinson's order, then, negligence occurring in this period is time-barred and Plaintiff may not base his negligence claim against Troiano thereon.

Plaintiff lodges no other allegations of negligence against Troiano. *See* AC ¶¶ 232–86. As the entirety of Plaintiff's negligence claim against Troiano stems from events untimely under the statute of limitations, the claim is dismissed against Troiano *in toto*.

## IV.    Leave to Amend

In lieu of responding to many arguments, Plaintiff requests leave to amend his pleading a second time. Pl. Opp. at 7, 10–13. The first amendment "focused on identifying and naming John/Jane Does." *Id.* As to this second amendment, "Plaintiff is only asking for leave to amend as to Defendant Troiano." *Id.*

This second request to amend, like the first, comes after Judge Tomlinson's deadline to amend the pleadings. As chronologized in her March 31, 2021 Memorandum and Order, Judge Tomlinson extended three times the deadline to initiate the process for amendment of pleadings – ultimately to May 18, 2020. Plaintiff's second request to amend comes in his motion to dismiss opposition brief served in September 2021. It is almost sixteen (16) months after the May 18, 2020 deadline, almost fifteen (15) months after Plaintiff served his first proposed amended Complaint on June 1, 2020, and five (5) months after Judge Tomlinson granted Plaintiff leave to amend.

A plaintiff wishing to amend his pleading after the deadline set by a scheduling order "must satisfy both [Rules] 15 and 16 to be permitted to amend." *Pasternack v. Shrader*, 863 F.3d 163, 174 & n.10 (2d Cir. 2017) (internal quotation marks omitted). Under Rule 15, district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice results from an amendment requiring "the opponent to expend significant additional resources to conduct discovery and prepare for trial" or an amendment causing significant delay to the resolution of the dispute. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (internal quotation marks omitted). Under Rule 16, if a scheduling order's deadline to amend pleadings has passed, a plaintiff must show "good cause"—viz. "diligence" in seeking to amend. *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2003)).

With respect to his disability discrimination and negligence claims against Troiano, Plaintiff is denied leave to amend. The problem there "is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "[R]epleading would thus be futile." *Id.*

But leave to amend his remaining claims against Troiano raises a thornier question. On the one hand, amendments should be freely granted. Fed. R. Civ. P. 15(a). Discovery has not yet closed. *See* Status Report dated Aug. 26, 2021 [DE 50].

And Troiano's strongest argument against permitting Plaintiff to amend—Plaintiff's delay in seeking to amend a second time—alone cannot suffice to deny leave to amend. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)

On the other hand, Plaintiff offers no Rule 16 "good cause" despite the scheduling order's lapsed deadline. *See* Mar. 31, 2021 at 9–10. Plaintiff is likewise silent on what "new material [he] wishes to plead." *Cuoco*, 222 F.3d at 112; *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (leave to amend may be denied where plaintiff "fails to specify . . . how amendment would cure the pleading deficiencies in [his] complaint"). On its own, each omission can be fatal. Additionally, "the longer the period of an unexplained delay," the less required of the nonmoving party "in terms of a showing of prejudice." *Block*, 988 F.2d at 350.

As evidenced by the thorough March 31, 2021 Memorandum and Order, the presiding magistrate has handled leave to amend in this action. It makes sense to stick to that practice, for the present request implicates the magistrate's scheduling order. Accordingly, Plaintiff's request is denied without prejudice to addressing the request directly to now-presiding Magistrate Judge Steven Tiscione.

## CONCLUSION

For the reasons discussed above, Defendant Troiano's motion to dismiss is granted. Plaintiff's Counts I, III, and V are dismissed for failure to plead allegations against Troiano; Plaintiff's ADA and RA claim is dismissed as it is not cognizable under those statutes; and his negligence claim is dismissed as time barred. These claims are dismissed as against Troiano only.

The Court refers to Judge Tiscione Plaintiff's request for leave to amend his complaint a second time.  Within two weeks of this Order, Plaintiff shall re-raise this request directly to Judge Tiscione.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley
       April 7, 2022                Denis R. Hurley
                                    United States District Judge